# EXHIBIT A

## IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
## IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

HOPE DORTON, individually                                **CLASS ACTION**
and on behalf of all others similarly situated,

                                                      **JURY TRIAL DEMANDED**

    Plaintiff,

v.                                                                      Case No:

ZAXBY'S COMPANY RESTAURANTS LLC,

    Defendant,

_____/

## CLASS ACTION COMPLAINT

COMES NOW Plaintiff HOPE DORTON ("Plaintiff"), and brings this class action against

Defendant ZAXBY'S COMPANY RESTAURANTS LLC ("Defendant") for Defendant's

violations of the Florida Telephone Solicitation Act, Fla. Stat. § 501.059, alleging as follows:

## NATURE OF THE ACTION

1. This is a class action under the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. §
   501.059, as amended by Senate Bill No. 1120.[1]

2. Defendant is aresturant chain.

3. To promote its goods and services, Defendant engages in telephonic sales calls to
   consumers without having secured prior express written consent as required by the FTSA.

4. Plaintiff and the Class members have been aggrieved by the Defendant's unlawful conduct,
   which adversely affected and infringed upon their legal rights not to be subjected to the
   illegal acts at issue.

---

[1] The amendment to the FTSA became effective on July 1, 2021.

5.  Through this action, Plaintiff seeks an injunction and statutory damages on behalf of Plaintiff individually and the Class members, as defined below, and any other available legal or equitable remedies resulting from the unlawful actions of Defendant.

## PARTIES

6.  Plaintiff is, and at all times relevant hereto was, an individual and a "called party" as defined by Fla. Stat. § 501.059(1)(a) in that Plaintiff was the regular user of telephone number ***-***-3781 ("Plaintiff's Telephone Number") that received Defendant's telephonic sales calls.

7.  Defendant is a Foreign Limited Liability Company "doing business in this state" as defined by Fla. Stat. 501.059(1)(e).

8.  Defendant is a "person" as defined by Fla. Stat. § 1.01(3).

## JURISDICTION AND VENUE

9.  This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The matter in controversy exceeds the sum or value of $30,000.00 exclusive of interest, costs, and attorney's fees.

10. Defendant is subject to personal jurisdiction in Florida because this suit arises out of and relates to Defendant's contacts with this state. Defendant made or caused to be made telephonic sales calls into Florida without the requisite prior express written consent in violation of the FTSA. Plaintiff received such calls while residing in and physically present in Hillsborough County, Florida.

11. Venue in this District is proper because Plaintiff resides here, Defendant does business here, and the complained of conduct of Defendant occurred here.

## FACTUAL ALLEGATIONS

12. At all times material hereto, Plaintiff was and is a Florida resident and the regular user of Plaintiff's Telephone Number.

13. On or after July 1, 2021, Defendant made, or knowingly allowed to be made, a "telephonic sales call" as defined by Fla. Stat. § 501.059(1)(j) to Plaintiff's Telephone Number. A screenshot of said telephonic sales call is attached hereto as "Exhibit A".

14. As demonstrated by the screenshot, the purpose of Defendant's telephonic sales calls was to solicit the sale of consumer goods and/or services.

15. Upon information and belief, Defendant caused similar telephonic sales calls to be sent to individuals in Florida.

16. The telephonic sales calls detailed above involved an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed.

17. The telephonic sales call detailed above was made without Plaintiff's "[p]rior express written consent" as defined by Fla Stat. § 501.059(1)(g).

18. Both Plaintiff and the telephone to which Plaintiff's Telephone Number was and is assigned were physically located in the State of Florida at the time of the above detailed telephonic sales call.

19. All conditions precedent to the filing of this action have occurred or been waived.

## CLASS ALLEGATIONS

20. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff individually and on behalf of all other similarly situated persons as a class action pursuant to Florida Rule of Civil

Procedure 1.220(b)(2) and (b)(3). The "Class" that Plaintiff seeks to represent is defined as:

> **All persons in the State of Florida who, (1) were sent a telephonic sales call regarding Defendant's goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff, (3) without "prior express consent" as defined by Fla. Stat. § 501.059(1)(g), (4) on or after July 1, 2021.**

21. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the exact number of members in the Class but believes the Class members number in the several thousands, if not more.

22. Upon information and belief, Defendant has placed telephonic sales calls to telephone numbers belonging to thousands of consumers in Florida without their prior express written consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

23. The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

24. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: (1) Whether Defendant initiated telephonic sales calls to Plaintiff and the Class members; (2) Whether Defendant can meet its burden of showing that it had prior express written consent to make such calls; and (3) Whether Defendant is liable for damages, and the amount of such damages.

25. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits telephonic sales calls without prior express written

consent is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

26. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

27. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

28. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class may be in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

29. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I
## <u>VIOLATION OF FLA. STAT. § 501.059</u>
### (On Behalf of Plaintiff and the Class)

30. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

31. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

32. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(g).

33. "Prior express written consent" means an agreement in writing that:

    1. Bears the signature of the called party;

    2. Clearly authorizes the person making or allowing the placement of a telephonic sales call by telephone call, text message, or voicemail transmission to deliver or cause to be delivered to the called party a telephonic sales call using an automated system for the selection or dialing of telephone numbers, the playing of a recorded message when a connection is completed to a number called, or the transmission of a prerecorded voicemail;

    3. Includes the telephone number to which the signatory authorizes a telephonic sales call to be delivered; and

    4. Includes a clear and conspicuous disclosure informing the called party that:

        a. By executing the agreement, the called party authorizes the person making or allowing the placement of a telephonic sales call to deliver or cause to be delivered a telephonic sales call to the called party using an automated system for the selection or dialing of telephone numbers or the playing of

Page **6** of **8**

a recorded message when a connection is completed to a number called; and

b. He or she is not required to directly or indirectly sign the written agreement or to agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

Fla. Stat. § 501.059(1)(g).

34. Defendant failed to secure prior express written consent from Plaintiff and the Class members.

35. In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent.

36. Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

37. Defendant's violation of Fla. Stat. § 501.059(8)(a) was willful or knowing, in that at all times material hereto Defendant knew it was making, or knowingly allowing to be made, a telephonic sales call involving an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called to Plaintiff and the Class member without Plaintiff's and the Class member's prior express written consent.

38. As a result of Defendant's conduct, and pursuant to § 501.059(10) of the FTSA, Plaintiff and Class members were aggrieved and are each entitled to recover damages, costs, and attorney's fees from Defendant. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id*.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) An award of statutory damages for Plaintiff and each member of the Class;

c) An injunction requiring Defendant to cease all telephonic sales calls made without express written consent, and to otherwise protect the interests of the Class;

d) An award of reasonable attorney's fees and court costs;

e) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff, individually and on behalf of the Class, hereby demand a trial by jury.

DATED: July 1, 2022

Respectfully Submitted By:

/s/ *Benjamin W. Raslavich*
**BENJAMIN W. RASLAVICH, ESQ.**
Florida Bar No.: 0102808
**KUHN RASLAVICH, P.A.**
2110 West Platt Street
Tampa, Florida 33606
Telephone: (813) 422 – 7782
Facsimile: (813) 422 – 7783
ben@theKRfirm.com
Counsel for Plaintiff




< 25

**74684** >

Text Message
Wed, Jun 15, 11:59 AM

Zaxby's: Tick tock cluck cluck! Exciting things are coming to the program! Redeem rewards today! Reply Help 4 help, stop 2 cancel. https://bit.ly/3O95hBS

Sat, Jun 18, 11:17 AM

Zaxby's: Dad is a Big DILL! Celebrate Dad with FREE Fried Pickles when you purchase an Adult Meal online or with the app. https://bit.ly/3MvThJC

Sat, Jun 18, 12:53 PM

Zaxby's: Whoops! Free Fried Pickles with a purchase of an Adult Meal is only available on the app & online tomorrow 6/19. Dad would approve. See you tomorrow!



Text Message








